IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CR-83-TCK |
| ) | |
| ABRAHAM MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Pursuant to 18 U.S.C. §§ 4241 & 4247(d), this matter came on for hearing on Nov. 29, 2010, on the mental competency of Defendant Abraham Martinez ("Martinez"). On September 7, 2010, Defendant moved for a Determination of Competency [Dkt. No. 45]. On September 8, 2010, the Court found that a doubt existed as to the mental competency of the Defendant. [Dkt. No. 49]. Defendant was sent for evaluation to the Federal Detention Center in Englewood, Co. A report was prepared by Forensic Psychologist David E. Murrow. That report was the basis for the hearing on Nov. 29.

### *Authority of Magistrate Judge to Determine Competency*

As a preliminary matter, the Court addresses a Magistrate Judge's authority to render a competency determination. It does not appear that the Tenth Circuit Court of Appeals has expressly ruled on this question. Some courts have found that the competency determination is implicitly within the authority of a Magistrate Judge because 18 U.S.C. § 4241(a) permits a motion to determine mental competency of the defendant to stand trial to be filed by the government or the defendant *after the defendant is arrested or charged* and before the imposition of sentence. *See* S.Rep. No. 225, 98th

Cong., 2d Sess. 233 (emphasis added). "Since a Magistrate Judge is generally the only judicial officer who exercises jurisdiction over a criminal defendant between the time of arrest and the time of indictment, the contention that such a ruling is beyond the jurisdiction of a Magistrate Judge appears contrary to the intent of the statute." *U.S. v. Hemmings*, 1991 WL 79586 at *4 (D.D.C.). In *U.S. v. Hamilton*, 107 F.3d 499, 502-03 (7th Cir. 1997), the Court discussed without comment a Magistrate Judge's findings as to a defendant's competency to stand trial. *See also U.S. v. Archuleta*, 218 Fed. Appx. 754, 755 (10th Cir. 2007) (noting that a Magistrate Judge made competency determination). In other courts, however, a Magistrate Judge's competency determination has been prepared as a Report and Recommendation to the District Court. *E.g.*, *U.S. v. Horne*, 955 F.Supp. 1141 (D.Minn. 1997). However, the practice in this Court has been for Magistrate Judges to conduct competency hearings and make their determinations by Order rather than Report and Recommendation. There is legal support for this procedure and I will follow this practice.

*Background*

On May 3, 2006, Martinez was indicted and charged with possession of a firearm and ammunition after conviction of a felony. [Dkt. No. 2]. Martinez entered a plea of guilty on Aug. 3, 2006 [Dkt. No. 17]. On Nov. 13, 2006, Martinez was sentenced to imprisonment for 27 months and three years of supervised release. [Dkt. No. 25]. Martinez began his term of supervised release on August 15, 2008.

On Oct. 18, 2008, Martinez was arrested by Tulsa Police for driving under the influence, open contained, crossing the center line and driving under suspension. He was convicted of driving under the influence in Tulsa Municipal Court and sentenced to time

served. Case No. 224265. On July 31, 2009, Martinez was arrested by Tulsa Police for driving under the influence. He was charged with driving under the influence and failure to stop at red light. *State of Oklahoma v. Abraham Martinez*, Case No. CM-2009-4033 (Tulsa County District Court). On Nov. 13, 2009, Martinez was involved in a single vehicle accident on U.S. Highway 169 in Tulsa, Ok. Hospital records reflect that Martinez had a BAC of .221 percent and also had Benzodiazepine in his system. [Dkt. No. 29].

Martinez appeared before U.S. Magistrate Judge Frank H. McCarthy on Feb. 24, 2010 for Initial Appearance. Judge McCarthy set conditions of release. [Dkt. No. 35] Martinez appeared before District Judge Terence C. Kern on March 16, 2010, for revocation hearing and his sentencing was set for Oct. 5, 2010. Martinez was referred to Kathryn A. LaFortune for psychological evaluation. Her Aug. 19, 2010, report focused in large degree on Defendant's substance abuse and anger management issues.

On Sept. 3, 2010, another Order on Conditions of Release was issued, alleging that Defendant had violated the release conditions imposed upon him by Judge McCarthy. [Dkt. No. 42]. Specifically, the Order alleged that Martinez had violated conditions of the home confinement program.

On Sept. 7, 2010, at Initial Appearance before Magistrate Judge Paul J. Cleary, Martinez' counsel sought a competency determination of his client. Stephen J. Gruebel asserted that Martinez "was unable to appreciate and meaningfully discuss the contents of the Order on Supervised Release," and "was unable to comprehend the consequences of the [procedural] choices available to him." Gruebel also asserted that Martinez' responses to the allegations against him were "nonsensical." [Dkt. No. 45].

After observing Martinez's conduct in court and reviewing the Application for Determination of Competency, the Court granted the Application. Martinez was transferred to the Federal Detention Center, Englewood, Co., for evaluation. An evaluation was performed by Forensic Psychologist David E. Morrow.

Morrow concluded that Martinez was not suffering from mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or properly assist in his defense.

## *Discussion*

At a hearing on Nov. 29, 2010, the Government and Defendant stipulated to the findings of the Morrow report. Defendant offered no additional evidence as to incompetency.

Morrow's report was similar to that of LaFortune in that it focused on substance abuse as a prime issue in the Defendant's behavior. Martinez has been prescribed benzodiazepines and narcotic pain medication.[1] Defendant has demonstrated substance abuse, including prescription drugs and illegal substances. During his evaluation at Englewood, Co., Martinez was not prescribed either benzodiazepines or narcotic painkillers and did not have access to alcohol or illegal drugs. As a consequence, he was compliant, rational, and non-delusional.

Accordingly, based on the psychological report of David E. Morrow, I conclude by a preponderance of the evidence that Defendant Abraham Martinez is not suffering from a mental disease or defect that renders him mentally incompetent to the extent that

---

[1] Benzodiazepines are a type of sedative frequently used to treat anxiety symptoms. They can be habit-forming and side effects may include problems with memory. *See* http://www.mayoclinic.com/health/anxiety/DS01187/DSECTION=treatments-and-drugs. (accessed Nov. 29, 2010).

he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

DATED this 30th day of November 2010.

_____
Paul J. Cleary
United States Magistrate Judge